UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE GRIESA

Ravi Raj,

              Plaintiff,

-v-

Optimal Solutions Integration Inc., and
The Interpublic Group of Companies, Inc.,

              Defendants.

Civ Action #: 13-CV-1316

**Complaint**

**Jury Trial Demanded**

RECEIVED FEB 27 2013 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff Ravi Raj, ("plaintiff" or "Raj"), by Abdul K. Hassan, Esq., his attorney, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid minimum wages, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b).

2. Plaintiff further complains, that he is: (i) entitled to unpaid minimum wages from Defendants, individually, and/or jointly; and (ii) is entitled to liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.1.

3. Plaintiff also complains that defendant breached the employment and wage agreement it had with plaintiff and that as a result, plaintiff is entitled to recover the wages and damages he is owed as a result of such breach, plus prejudgment interest.

4. Plaintiff is also entitled to recover his withheld/deducted wages, and unpaid minimum wages from defendants, individually, and/or jointly, under Article 6 of the New York Labor Law including Section 191 and 193 and is entitled to maximum liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

## THE PARTIES

8. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

9. Upon information and belief, defendant Optimal Solutions Integration Inc., ("Optimal") is a Texas for-profit corporation duly authorized to do business in New York State.

10. Upon information and belief and at all times relevant herein, defendant Optimal operated offices in several states within the United States including Texas, New Jersey and New York.

11. Upon information and belief, defendant The Interpublic Group of Companies, Inc., ("IPG") is a Delaware for-profit corporation duly authorized to do business in New York State.

12. Upon information and belief and at all times relevant herein, defendant IPG was headquartered at 1114 Avenue of the Americas, 18th Floor, New York, NY 10036, and had other offices in New York City and across the United States.

## STATEMENT OF FACTS

13. Upon information and belief and at all times relevant herein, defendant IPG is a national and international advertising and marketing company. See www.*interpublic*.com.

14. Upon information and belief, and at all times relevant herein, defendant Optimal is a national and international software company that provides a variety of software services to clients like defendant IPG with an emphasis on SAP software. See http://www.optimalsol.com/about.

15. From on or about January 9, 2012 to on or about June 7, 2012 (the "Work Period") plaintiff was hired to work at IPG's location at 622 Third Avenue, Fl 34, New York, NY 10017.

16. During the Work Period, defendant IPG gave plaintiff an identification badge under IPG's name.

17. During the Work Period, defendant IPG gave plaintiff a password and account access which allowed plaintiff to record his work times using defendant IPG's computer timekeeping system.

18. During the Work Period, plaintiff performed his work at IPG's offices using IPG's equipment and materials such as computers, software systems etc.

19. During the Work Period, plaintiff was supervised by defendant IPG.

20. During the Work Period, plaintiff performed his work at IPG's premises.

21. During the Work Period, plaintiff performed work that was integral to defendant IPG's operations and he worked side by side with other employees of defendant IPG doing the same work – the SAP software plaintiff helped implement at IPG was the backbone of its operations and functioning.

22. During the Work Period, defendants directed and instructed plaintiff as to what work to do and how to do such work.

23. During the Work Period, defendant IPG kept records of plaintiff's hours of work and plaintiff was not paid through defendant Optimal unless and until defendant IPG approved those hours.

24. IPG dictated the amount plaintiff was paid through defendant Optimal, by setting the amount

Optimal and the other joint-employers were paid for plaintiff's services – upon information and belief, IPG paid for plaintiff's services through defendant Optimal and plaintiff was paid $90 an hour after Optimal took its share of the wages.

25. During the work period, IPG had hiring and firing authority – IPG interviewed plaintiff and he was then hired and began working at IPG on or about January 9, 2012. When IPG no longer wanted plaintiff to work for it, plaintiff was terminated on or about June 7, 2012.

26. In fact, when IPG terminated plaintiff's services, plaintiff ceased working for both defendants.

27. At all times relevant herein, plaintiff was never in business for himself and was economically dependent for employment, work and wages on defendants - since plaintiff was terminated by defendants, he has been unemployed and without work and income.

28. From January 9, 2012 to May 4, 2012, plaintiff was employed by defendant IPG through an agent other than defendant Optimal – believed to be Nifty agency.

29. From on or about May 4, 2012 or May 7, 2012 until his termination on or about June 7, 2012 plaintiff was employed by defendant IPG through defendant Optimal – defendant IPG's agent and joint employer.

30. Pursuant to the contact plaintiff entered with Optimal, his joint-employer, plaintiff was to be paid $90 an hour for working for defendant IPG – plaintiff's other joint employer.

31. At the time of plaintiff's termination on June 7, 2012 he was owed $3600 for work he performed for defendants for the period May 29, 2012 to June 7, 2012. However, when plaintiff requested payment of the $3,600 owed to him, from defendant Optimal – his joint employer, Optimal refused to pay plaintiff on the grounds that defendant IPG had not approved the hours for which plaintiff was seeking payment and that plaintiff did not have a timesheet from IPG – plaintiff did not get IPG's approval and timesheet for the period in question because he was no longer working for IPG at the time he requested payment for said unpaid monies/wages.

32. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters and notices of employee wage and overtime rights as was required by the FSLA and NYLL and the regulations thereunder.

33. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
### (DECLARATORY JUDGMENT)

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. During the Work Period, defendants misclassified plaintiff as an independent contractor, even though plaintiff was at all relevant times, an employee of defendants as a matter of law.

37. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of defendants, individually and/or jointly, under the Internal Revenue Code, and specifically, under the Federal Insurance Contributions Act ("FICA"). See 26 U.S.C. § 3121(b). U.S. v. MacKenzie 777 F.2d 811, 814 (2d Cir., 1985).

38. Plaintiff seeks a declaratory judgment that at all relevant times herein, he was an employee of defendants, individually and/or jointly, under the federal Fair Labor Standard Act and New York Labor Law under which plaintiff sues herein. See Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 141–42 (2d Cir.2008). Brock v. Superior Care, Inc., 840 F.2d 1054 (2d Cir.1988).

39. The declarations of employee status sought by plaintiff herein, will allow plaintiff to seek certain tax contributions from defendants, as well as make him eligible to seek a range of benefits that comes with employee status such as unemployment insurance benefits, as well as

benefits offered by defendants to their other employees and other benefits provided by law to employees. Plaintiff herein is seeking to recover all benefits that come with employee status that can be recovered in this action under law.

## AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Minimum Wages
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

40. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. At all times relevant herein, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

42. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

43. At all times relevant herein, defendants, upon information and belief, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

44. **At all times relevant herein, defendant, individually and/or jointly, failed and willfully failed to pay plaintiff at least the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206, 216(b).**

### Relief Demanded

45. Due to defendant's FLSA violations, plaintiff is entitled to recover from defendants, individually, and/or jointly, his unpaid minimum wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION – Unpaid Minimum Wages
## NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 44 above

as if set forth fully and at length herein.

47. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

48. **At all times relevant to this action, defendants, individually and/or jointly, <u>failed</u> and <u>willfully failed</u> to pay plaintiff at least the applicable New York State minimum wage rate for each hour worked in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.1.**

### Relief Demanded

49. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendants, individually, and/or jointly, his unpaid minimum wages wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

### AS AND FOR A FOURTH CAUSE OF ACTION – Breach of Contract

50. Plaintiff repeats and incorporates paragraphs 1 through 48 above as if set forth fully and at length herein.

51. Defendants, individually an/or jointly, breached the employment agreement/contract between defendants and plaintiff, by failing to pay plaintiff wages and/monies it owed plaintiff for working for them – including about $3,600 defendants failed to pay plaintiff for work he did for them from May 29, 2012 to June 7, 2012 as further laid out above.

52. Plaintiff acted in good faith at all times and fully performed his obligations under the employment agreement/contract, including any and all condition precedents.

53. In light of defendant's breach of the employment agreement, plaintiff is entitled to and seeks to recover in this action, the amount of the unpaid wages/monies in the amount of $3,600, plus interest thereon.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191, 193 and 198

54. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 53 with the same force and effect as if fully set forth at length herein.

55. At all times relevant to this action, plaintiff was employed by defendants, individually and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

56. Defendants, individually and/or jointly, violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by withholding and deducting about $3,600 from the wages owed to plaintiff as laid out above.

## Relief Demanded

57. Due to defendants' New York Labor Law Article 6 violations including violation of section 191 and 193, plaintiff is entitled to recover from defendants, individually and/or jointly, the entire $3,600 in withheld/deducted wages, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

58. As to the **First Cause of Action**, issue a declaratory judgment that plaintiff at all relevant times was an employee of defendants, individually, and/or jointly, under the Interval Revenue Code, including the Federal Insurance Contributions Act, as well as under the FLSA and NYLL.

59. As to the **Second Cause of Action**, award Plaintiff, his unpaid minimum wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

60. As to the **Third Cause of Action**, award Plaintiff, his unpaid minimum wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees

pursuant to NYLL § 663;

61. As to the **Fourth Cause of Action**, award Plaintiff, his unpaid wages/monies and prejudgment interest;

62. As to the **Fifth Cause of Action**, award Plaintiff, any and all withheld/deducted wages, plus the unpaid minimum wages, maximum liquidated damages, plus costs, disbursements and attorney's fees pursuant to NYLL § 198.;

63. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

64. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
February 27, 2013

Respectfully submitted,

*/s/ Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*